# OPERATING AGREEMENT
# OF
# FULL ACCESS HEALTHCARE, LLC

This Operating Agreement (this "Agreement") is entered into as of this 13th day of June, 2023, by and among FULL ACCESS HEALTHCARE, LLC, an Illinois Limited Liability Company (the "Company"), and Baljit Maini and Amanda Spezia, ("Members").

## ARTICLE I.
## OFFICES

1.1. <u>Principal Office.</u> The principal office of the Company in the State of Illinois shall be located at 610 N. Gilbert Street, Suite A, Danville, Illinois 61832. The Company may have such other offices, either within or without the State of Illinois as the Members may designate or as the business of the Company may from time to time requires.

1.2 <u>Registered Office.</u> The registered office of the Company, required by the Illinois Limited Liability Company Act to be maintained in the State of Illinois, may, but need not, be identical with the Principal Office in the State of Illinois. The address of the initial registered office of the Company is 8643 Ogden Avenue, Lyons, Illinois 60534, and the initial registered agent is Michael Maksimovich. The registered office and the registered agent may be changed from time to time by action of the Managers and by filing the prescribed form with the Illinois Secretary of State.

## ARTICLE II.
## MEETINGS

2.1 <u>Annual Meeting.</u> The annual meeting of the Members shall be held the first Tuesday in the month of January in each year, beginning with the year 2024 at the hour of 9:00 a.m., for the purpose of electing an Operating Managers and for the transaction of such other business as may come before the meeting. If the day fixed for the annual meeting shall be a legal holiday, such meeting shall be held on the next succeeding business day. If the election shall not be held on the day designated herein for the annual meeting of the Members, or at any adjournment thereof, the Members shall cause the election to be held at a special meeting of the Members as soon thereafter as it may conveniently be held.

2.2 <u>Regular Meetings.</u> The Members may by resolution prescribe the time and place for the holding of regular meetings and may provide that the adoption of such resolution shall constitute notice of such regular meetings. If the Members do not prescribe the time and place for th4e holding of regular meetings, such regular meetings shall be held at the time and place specified by the Operating Managers in the notice of each such regular meeting.

2.3 <u>Special Meeting.</u> Special meetings of the Members, for any purpose or purposes, unless otherwise prescribed by statute, may be called by the Operating Manager or by any two Members.

2.4 <u>Notice of Meeting.</u> Written or telephonic notice stating the place, day and hour of the meeting and, in case of a special meeting, the purposes for which the meeting is called, shall be delivered not les than three (3) days before the date of the meeting, either personally or by mail, by or at the direction of the Operating Manager, to each Member of record entitled to vote at such meeting. If mailed, such notice shall be deemed to be delivered when deposited in the United States mail, addressed to the Member at his address as it appears on the books of the Company, with postage thereon prepaid. When all the Members of the Company are present at any meeting, or if those not present sign in writing

a waiver of notice of such meeting, or subsequently ratify all the proceedings thereof, the transaction of such meeting are as valid as if a meeting were formally called and notice had been give.

2.5 <u>Quorum.</u> At any meeting of the Members, a majority of the equity interests, as determined from the capital contribution of each Member as reflected by the books of the Company, represented in person or by proxy, shall constitute a quorum at a meeting of Members. If less than said majority of the equity interest are represented at a meeting, a majority of the interests so represented may adjourn the meeting from time to time without further notice. At such adjourned meeting at which a quorum shall be present or represented, any business may be transacted which might have been transacted at the meeting as originally notified. The Members present at a duly organized meeting may continue to transact business until adjournment, notwithstanding the withdrawal of enough Members to leave less than a quorum.

2.6 <u>Proxies.</u> At all meetings of Members, a member may vote by proxy executed in writing by the member or by his duly authorized attorney-in-fact. Such proxy shall be filed with the Operating Managers of the Company before or at the time of the meeting. No proxy shall be valid after three months from dated of execution, unless otherwise provided in the proxy.

2.7 <u>Voting by Certain Members.</u> Management Certificates standing in the name of a corporation, partnership or Company may be voted by such officer, partner, agent or proxy as the By-Lays of such entity may prescribe or, in the absence of such provision, as the Board of Directors of such entity may determine. Certificates held by a trustee, personal representative, administrator, executor, guardian or conservator may be voted by him, either in person or by proxy, without a transfer or such certificates into his name.

2.8 <u>Manner of Acting.</u>

2.8.1 <u>Formal Action by Members.</u> Ordinarily, the act of a majority of the members present at a meeting at which a quorum is present shall be the act of the Company. Upon demand of any Member, voting on a particular issue may be in accordance with the percentage of equity ownership in the Company.

2.8.2 <u>Procedure.</u> The Operating Manager of the Company shall preside at meetings of the Members, may move or second any item of business but shall not vote upon any matter when there is an even number of Members present and the Members are evenly divided as to an issue. A record shall be maintained of the meetings of the Members. The Members may adopt their own rules of procedure which shall not be inconsistent with this Operating Agreement.

2.8.3 <u>Presumption of Assent.</u> A Member of the Company who is present at a meeting of the Members at which action on any matter is taken shall be presumed to have assented to the action taken, unless his dissent shall be entered in the minutes of the meeting or unless he shall file his written dissent to such action with the person acting as the secretary of the meeting before the adjournment thereof or shall forward such dissent by certified mail to the secretary of the meeting immediately after the "adjournment of the meeting. Such right to dissent shall not apply to a Member who voted in favor of such action.

2.8.4 <u>Informal Action of Members.</u> Unless otherwise provided by law, any action required to be taken at a meeting of the Members, or any other action which may be taken at a meeting of the Members, may be taken without a meeting if a consent in writing, setting forth the action so taken, shall be signed by all the Members entitled to vote with respect to the subject letter thereof.

2.9 <u>Order of Business.</u> The order of business at all meetings of the Members shall be as follows:

1. Roll Call.
2. Proof of notice of meeting or waiver of notice.
3. Reading of minutes of preceding meeting.
4. Report of the Operating Managers.
5. Reports of Committees.
6. Unfinished Business.
7. New Business.

2.10. <u>Telephonic Meeting.</u> Member of the Company may participate in any meeting of the Members by means of conference telephone or similar communication if all persons participating in such meeting can hear one another for the entire discussion of the matter(s) to be voted upon. Participating in a meeting pursuant to this Section shall constitute presence in person at such meeting.

## ARTICLE III.
## FISCAL MATTERS AND SPECIFIC
## OF OPERATION OF PARTNERSHIP

3.1 <u>Fiscal Year.</u> The fiscal year of the Limited Liability Company shall begin on the first day of January and end on the last day of December each year, unless otherwise determined by resolution of the Members.

3.2 <u>Deposits.</u> All funds of the Limited Liability Company shall be deposited from time to time to the credit of the Limited Liability Company in such banks, trust companies or other depositories as the Members may select.

3.3 <u>Checks Drafts, Etc.</u> All checks, drafts or other orders for the payment of money, and all notes or other evidence of indebtedness issued in the name of the Company shall be signed by the Operating Managers.

3.4 <u>Loans.</u> No loans shall be contracted on behalf of the Limited Liability Company, or no evidence of indebtedness shall be issued in its name unless authorized by a resolution of two-thirds of the Members. Such authority may be general or confined to specific instances.

3.5 <u>Contracts.</u> The Members may authorize any Member or agent of the Company, in addition to the Operating Managers, to enter into any contract or execute any instrument in the name of and on behalf of the Company, and such authority may be general or confined to specific instances.

3.6 <u>Accountant.</u> An Accountant may be selected from time to time by the member to perform such tax and accounting services as may, from time to time be required. The accountant may be removed by the Members without assigning any cause. An accountant who is a member or an accounting firm of which such Members is associated may serve as an accountant or accountants for the Company.

3.7 <u>Legal Counsel.</u> One or more Attorney(s) at Law may be selected from time to time by the Members to review the legal affairs of the Company and to perform such other services as may be required and to report to the Members with respect thereto. The Legal Counsel may be removed by the Members without assigning any cause.

3.8 <u>Specific Plan of Company.</u> The Following paragraphs of this Section 3.8 shall constitute the

business plan of the Company. The Operating Manager and members shall not deviate from such plan unless approved by all Members.

## ARTICLE IV.
## DISTRIBUTION OF PROFITS

The Managers may from time to time unanimously declare, and the Company may distribute, accumulated profits agreed not necessary for the cash needs of the Company's business. Unless otherwise provided, retained profits shall be deemed an increase in capital contribution of the Company. All profits and losses shall be distributed as follows, to the managers:

    Baljit Maini               49%

    Amanda Spezia         51%

## ARTICLE V.
## OFFICERS

5.1 <u>Operating Managers.</u> Baljit Maini and Amanda Spezia shall be the Operating Manager of the Company. **Baljit Maini** shall be the chief executive officer of the Company responsible for the general overall supervision of the business and affairs of the Company, and when present, preside at all meetings of the Managers. The Operating Managers may sign on behalf of the Company, deeds, mortgages, bonds, contracts or other instruments, and in general, they shall perform all duties as may be prescribed by the Board from time to time.

5.2 <u>Other Officers.</u> The Company may, at the discretion of the Members, have additional Officers including, without limitation, one or more Vice-Operating Managers, one or more Secretaries and one or more Treasurers. Officers need not be selected from among the Members. One person may hold two or more offices, except one person may not hold both the office of Operating Managers and the office of Secretary. When the incumbent of an office is (as determined by the incumbent himself or by the Members) unable to perform the duties thereof, or when there is no incumbent of an office (both such situations referred to hereafter as the "absence" of the Officer), the duties of the office shall be performed by the person specified by the Members.

5.3 <u>Election and Tenure.</u> The Officers of the Company shall be elected annually by the Members at the annual meeting. Each Officer shall hold office from the date of his election until the next annual meeting and until his successor shall have been elected, unless he shall sooner resign or be removed.

5.4 <u>Resignations and Removal.</u> Any Officer may resign at any time by giving written notice to the Operating Manager or to all of the Members, and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective. Any Officer may be removed at any time by the Members with or without cause.

5.5 <u>Vacancies.</u> A vacancy in any office may be filled for the unexpired portion of the term by the Members.

5.6 <u>Salaries.</u> The salaries of the officers shall be fixed from time to time by the Managers and no officer shall be prevented from receiving such salary by reason of the fact that he is also a Manager of the Company.

# ARTICLE VI
# MISCELLANEOUS

6.1 <u>Notice.</u> Any notice required or permitted to be given pursuant to the provisions of the Statute, the Articles of Association of the Limited Liability Company or this Operating Agreement shall be effective as of the date personally delivered, or if sent by mail, on the date deposited with the United States Postal Service, prepaid and addressed to the intended receiver at his last known address as shown in the records of the Limited Liability Company.

6.2 <u>Waiver of Notice.</u> Whenever any notice is required to be given pursuant to the provisions of the Statute, the Articles of Association of the Limited Liability Company or this Operating Agreement, a waiver thereof, in writing, signed by the persons entitled to such notice, whether before or after the time stated therein, shall be deemed equivalent to the giving of such notice.

6.3 <u>Indemnification by Company.</u> The Limited Liability Company may indemnify any person who was or is a party defendant or is threatened to be made a party defendant to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative, or investigative (other than an action by or in the right of the Limited Liability Company) by reason of the fact that he is or was a Member of the Company, Officer, employee or agent of the Company, or is or was serving at the request of the Company, against expenses (including attorney's fees), judgments, fines and amount paid in settlement actually and reasonably incurred by him in connection with such action, suit or proceeding if the Members determine that he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interest of the Limited Liability Company, and with respect to any criminal action or proceeding, has no reasonable cause to believe his conduct was unlawful. The termination of any action, suit, or proceeding by judgment, order, settlement, conviction, or upon a plea of <u>nolo contendere</u> or its equivalent, shall not in itself create a presumption that the person did or did not act in good faith and in a manner which he reasonable believed to be in the best interest of the Limited Liability Company, and, with respect to any criminal action or proceeding, had reasonable cause to believe that his conduct was unlawful.

6.4 <u>Indemnification Funding.</u> The Company shall fund the indemnification obligations provided by Section 8.3 in such manner and to such extent as the Managers may from time to time deem proper.

6.5 <u>Duality of Interest Transactions.</u> Managers of this Company have a duty of undivided loyalty to this Company in all matters affecting this Company's interests.

6.7 <u>Gender and Number.</u> Whenever the context requires, the gender of all words used herein shall include the masculine, feminine and neuter and the number of all words shall include the singular and plural thereof.

6.8 <u>Articles and Other Headings.</u> The Articles and other headings contained in this Operating Agreement are for reference purposes only and shall not affect the meaning or interpretation.

6.9 <u>Reimbursement of Operating Management and Members.</u> Operating Managers and Members shall receive reimbursement for expenses reasonable incurred in the performance of their duties.

## ARTICLE VII.
## AMENDMENTS

This Operating Agreement may be altered, amended, restated, or repealed and a new Operating Agreement may be adopted by unanimous action of all the Managers, after notice and opportunity for discussion of the proposed alteration, amendment, restatement, or appeal.

## CERTIFICATION

THE UNDERSIGNED, being all of the Members of FULL ACCESS HEALTHCARE, LLC, an Illinois Limited Liability Company, hereby evidence their adoption and ratification of the foregoing Operating Agreement of the Company.

EXECUTED by each Member on the date indicated.

Baljit Maini, Operating Manager

*/s/ Baljit Maini/*

Date: June 13, 2023.

Amanda Spezia, Operating Manager

*/s/ Amanda Spezia/*

Date: June 13, 2023.